UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                      :
VINCENT RHODES,                    : CASE NO. 1:13-CV-00385
                                                      :
                   Petitioner,                    :
                                                      :
vs.                                                   : OPINION & ORDER
                                                      : [Resolving Doc. No. 1]
CHRISTOPHER LaROSA,            :
                                                      :
                   Respondent.                  :
                                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Vincent Rhodes filed this Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2254.  Petitioner is currently incarcerated in the Trumbull Correctional Institution,

having been convicted in 2009 of one count of kidnaping and one count of aggravated robbery.

He claims he is entitled to habeas relief because the trial court did not rule on his motion for

self-representation, he was denied the effective assistance of trial counsel, and he was denied the

ability to re-open his appeal.  He also filed an Application to Proceed *In Forma Pauperis* (Doc.

No. 2).  For the reasons set forth below, The Application to Proceed *In Forma Pauperis* is

granted, the Petition is denied and the action is dismissed.

## I.  Background

Petitioner was indicted on May 2, 2008 for the kidnaping and aggravated robbery of a

motel manager at the Knights Inn in North Randall, Ohio.  Diretha Griffin, founder of Mates in

Ministry, and Michael Hall, Petitioner's friend, rented a room for Petitioner at the motel in March 2008.  *See State v. Rhodes*, No. 93133, 2010 WL 1100068  (Ohio App. 8 Dist. Mar. 25, 2010). On March 29, 2008, at approximately 3:30 p.m., the man staying in room 215 approached the desk manager and requested to check out of the room. Because the room had been rented for two additional days, the manager gave him a refund of $56.50.  When the man returned to the lobby a short time later, he brandished a knife, grabbed the manager by the neck and directed him to the cash register.  He held the knife to the manager's neck, took at least $500 from the register and fled with the manager's cell phone.

When the police arrived, the manager indicated that his attacker was the man who had been staying in room 215.  The police presented a photograph to the manager and he identified the man in the photograph as the man who had attacked him and took the money.  The manager could not identify Petitioner as the assailant during trial; however, he testified that the man who attacked him was around six feet tall, thin, and in his 40s.  In addition, Petitioner's DNA was compared to samples collected in room 215, and could not be excluded as the source of DNA recovered from a cigarette butt and a hat found in the room.  Statistically, the expected frequency of occurrence of the DNA profile found on the cigarette butt is one in 332 sextillion, 900 quintillion unrelated individuals, and the expected frequency of occurrence of the DNA profile found on the hat is one in 13 billion, 730 million unrelated individuals. Finally, a worker who cleaned rooms at the inn testified that Petitioner had been staying in room 215 prior to the robbery.

After the Knights Inn had been robbed, defendant called his friend, Michael Hall for

-2-

help. According to Hall, Petitioner told him he had been evicted from the motel and was being falsely accused of robbing the front desk. Hall urged Petitioner to go to the North Randall Police Department for help.  Hall later learned that Petitioner was staying with another friend, Donny, at the Day's Inn in North Randall. Hall went to the Day's Inn and spoke with Donny and Petitioner. Later, Hall drove Donny to the North Randall Police Department so that Donny could provide information to the police concerning the Knight's Inn robbery.  Petitioner was arrested a short time later.

Petitioner was convicted of both charges on March 9, 2009 and was sentenced on March 16, 2009 to seven years on each count, to be served consecutively, for an aggregate total of 14 years of imprisonment.

## II.  Procedural History

### A.  Direct Appeal

Petitioner filed a timely appeal of his conviction to the Ohio Eighth District Court of Appeals.  He asserted five assignments of error:

> 1.  The trial court failed to rule on and/or denied his motion for self-representation.
>
> 2.  The trial court erred in denying his motion for a judgment of acquittal of the charges.
>
> 3.  His conviction is not supported by the manifest weight of the evidence.
>
> 4.  In effective assistance of trial counsel
>
> 5.   The trial court erred in failing to merge the aggravated robbery and kidnaping convictions for sentencing purposes.

-3-

*Id.* at *2-8.  The court of appeals affirmed Petitioner's conviction on the first four assignments of error.  The court, however, found Petitioner's fifth assignment of error to have merit, and remanded the case to the trial court to conduct a new sentencing hearing.  Petitioner did not appeal the denial of his first four grounds to the Ohio Supreme Court.

### B.  Re-Sentencing Hearing

The trial court conducted a new sentencing hearing on August 3, 2010.  Petitioner contends he made an oral motion at this time for a sign language interpreter, stating that he is hearing impaired, and objected to the re-sentencing on the grounds of double jeopardy.  His oral motion was rejected.  Petitioner was sentenced on the charge of aggravated robbery to a single term of seven years incarceration, and was assessed $250.00 in costs.

Petitioner filed a Motion for Acquittal and a Motion for Nunc Pro Tunc Order on September 9, 2010.  He claims he asserted that his re-sentencing subjected him to double jeopardy.  Both Motions were denied on October 1, 2010.

### C.  Appeal of New Sentence

On the same day he filed his Motions, Petitioner also filed a notice of appeal of his re-sentencing. While that appeal was still pending, the State filed a Motion for Order to Correct the record contending that the judgment entry should have stated Petitioner was assessed a fine of $250.00 plus court costs.  The court held a hearing on the motion on January 25, 2011 and appointed counsel for petitioner.  This attorney was not the same attorney that was representing Petitioner on appeal, and waived Petitioner's presence at the hearing.  The attorney also conceded that the court routinely imposes both a fine and court costs and suggested that the cap

-4-

on court costs and imposition of no fine must have been a mistake.  The court granted the state's

motion at the conclusion of the hearing and corrected the entry.  Petitioner appealed that

correction on January 27, 2011.

The Ohio Eighth District Court of Appeals consolidated the appeals.  As his only

assignment of error, Petitioner asserted that the trial court enhanced the penalty outside of his

presence by imposing a $250.00 fine and the full amount of court costs.  He maintained that the

original entry was not a clerical error and that the court did not intend to impose a fine in its

original entry.  The court of appeals disagreed and found that the trial court had the ability to

correct the typographical error without Petitioner present in the courtroom.  The trial court's

judgment at re-sentencing was affirmed on October 6, 2011.

### D.  Appeal of New Sentence to the Ohio Supreme Court

Petitioner appealed this decision to the Ohio Supreme Court on November 21, 2011.  In

that appeal, he asserted one proposition of law:

> When the mandate of a[n] Appeals Court directs upon remand for
> re-sentencing, on reversed in accord to the strict definition of
> "conviction," the defendant is denied both a property interest and
> liberty interest when consecutive terms imposing separate fines
> and court costs are not considered independently as sanctions and
> penalties for purpose Double Jeopardy Protection and Due Process
> of Law, to re-sentence outside a recognized disabled person being
> deaf/serious hearing impaired, in violation of various
> constitutional protections and Public Laws, the appellant is denied
> the rights under the 5th, 6th, 8th, and 14th Amendments of the
> United States Constitution and Section 10, Article I, of the Ohio
> Constitution.

*State of Ohio v. Rhodes*, No. 11-1964 (Ohio Supreme Court Mem. in Support of Jurisdiction

filed Nov. 21, 2011).  The Ohio Supreme Court denied him leave to appeal on March 14, 2012.

-5-

On January 6, 2012, while his appeal with the Ohio Supreme Court was pending,

Petitioner filed an Ohio Appellate Rule 26(b) Application for Re-Opening his Appeal which was

terminated on October 6, 2011.  The court of appeals determined Petitioner did not file his

application within the ninety day deadline required by the rule, and did not demonstrate good

cause for his untimely filing.  The court denied the application.

### III.  Habeas Petition

Thereafter, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254.  He asserts three grounds for relief:

> 1.  Assignment of Error I made the overruled on not holding a
> hearing on *pro se* motion for self-representation timely made.  I
> was having seizures and this triggered by hearing lost  again - I
> told counsel my need for him to get me a sign language
> interpreter, but our communication was not too effective, I told the
> judge in writing and tried to verbally explain but failed.
>
> 2.  When the re-sentencing hearing was over/journalized, the court
> appointed counsel who waived any rights, even my right to
> counsel of choice and did not notify me in writing or have a
> interpreter present, yet I have paid fines, some costs on both cts.
> with different amounts, and no credits for jail-time credit [sic].  Its
> as if I have no protection.
>
> 3.  Attempted to file App. R. 26(b) as to 90 days counting
> holidays, that counsel waived my presence and that right to choice
> of counsel was denied, along with failure to create fines, court
> costs, jail time credits, notification of appeal rights, appointment
> to have a hearing and many other constitutional errors including
> disabilities of hearing impairment that the state knows about.

Doc. No. 1 at 5-8.  Petitioner does not provide additional explanation of these claims, and it is

therefore difficult to determine precisely which claims he is attempting to assert.  It appears that

in his first ground for relief, he is claiming that the trial court erred by not ruling on his motion

for self-representation.  He could also be asserting a claim of ineffective assistance of trial

counsel.  The Court will address both potential claims.  His second ground raises a claim for

ineffective assistance of counsel at his re-sentencing hearing.  His third ground for relief is a

little less clear.  The only plausible reading of this ground is that he believes the court of appeals

erred in denying his application to re-open his direct appeal to assert the claims contained in his

first two grounds for relief.

## IV.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended

28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions

filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v.

Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences,

and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206

(citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when

reviewing an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court, a determination of a factual issue made by a State court shall be

presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).

The Petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas

relief on any claim that was adjudicated on the merits in any state court unless the adjudication

of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable

-7-

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774.

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a

petitioner must overcome several procedural hurdles.  Specifically, the petitioner must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.  *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."  *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising

-9-

under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*   This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural

-10-

sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

In this case, Petitioner did not properly present his habeas claims to the state courts for review. His first ground for relief contains two possible claims; one concerning his motion for self-representation, and his second claim concerning ineffective assistance of trial counsel. Petitioner presented both of these claims to the Ohio Eighth District Court of Appeals in his first direct appeal of his conviction in 2009. The Court of Appeals denied these two ground for relief

-11-

on the merits of those claims, and Petitioner did not appeal those decisions to the Ohio Supreme Court.  While these claims could, in theory, be presented to the Ohio Supreme Court through a Motion for Delayed Appeal, that appeal would be untimely by four years.  Generally, if Petitioner has not exhausted his state court remedies, the federal habeas court cannot entertain the merits of the claim, and must dismiss the entire action without prejudice to allow the Petitioner to return to state court to complete the exhaustion process. 28 U.S.C. § 2254(c). However, presenting these clearly untimely claims to the state courts would be futile, and "a habeas court should excuse exhaustion where further action in state court would be an exercise in futility." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir.2005); *Hogan v. Welch*, 4:08CV2539, 2010 WL 300798 (N.D. Ohio Jan. 19, 2010).

Petitioner's second ground for relief contains a claim for ineffective assistance of counsel at the hearing on the state's motion to correct the judgment after re-sentencing.  This claim has not been raised to the Ohio Court of Appeals or the Ohio Supreme Court.  Petitioner appealed the sentence correction to the Ohio Eighth District Court of Appeals, but did not raise ineffective assistance of counsel as an assignment of error.  The only ground asserted in that appeal concerned the addition of a $250 fine, and uncapped court costs.  He attempted to re-open that appeal with an Application pursuant to Ohio Appellate Rule 26(b), but the motion itself was denied as untimely by the Ohio Court of Appeals.  A petitioner's failure to raise his claims in Ohio courts on appeal is an adequate and independent state law ground for upholding the petitioner's conviction and sentence. *See Buell v. Mitchell,* 274 F.3d 337, 348-49 (6th Cir. 2001); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir.1999).  Moreover, his attempt to re-open that

-12-

appeal was also denied on procedural grounds.  This claim is also barred by the doctrine of procedural default.

Petitioner's last ground for relief appears to center on the Eighth District Court of Appeals' denial of his application to re-open his appeal on February 6, 2012.  Petitioner did not appeal that decision to the Ohio Supreme Court.  As an initial matter, the Court recognizes that this claim is not asserting a constitutional error pertaining to his conviction, but rather is an objection to the decision of an Ohio court based on Ohio law.  A claim based solely on an error of state law is not redressable through the federal habeas process. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), citing *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir.2000) ('Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal.").  Moreover, even if it were cognizable in a federal habeas petition, the claim is procedurally defaulted.  While Petitioner could return to state court and file a motion for delayed appeal in the Ohio Supreme Court, that effort would be futile given that his appeal is untimely by more than a year.  *Buell*, 274 F.3d at 349; *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001).  This claim is also procedurally defaulted.

Because Petitioner's claims are procedurally defaulted, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750.  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some

-13-

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir.2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petitioner does not suggest any factor external to the defense precluded him from appealing his first, second, and fourth claims to the Ohio Supreme Court, or from appealing his third claim to the Ohio Eighth District Court of Appeals.  The only explanation he offers for his default is that the institutional mail room and cashier's office delayed mailing legal mail.  He also mentions limitations on law library time due to staffing shortages.  Petitioner never appealed his claims in his first and third habeas grounds to the Ohio Supreme Court.  A delay in the mail room would not explain his failure to file any appeal in four years for his first habeas ground and in one year for his third habeas ground.  Petitioner did file an appeal of re-sentencing and the subsequent hearing to correct the judgment, but he did not raise his third habeas claim in that appeal.  The delays in the prison mail room and the limitations on library time would not explain this default either.  Petitioner has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to

-14-

the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96).  Petitioner does not claim he is innocent of the crimes in the underlying conviction.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

### IV.  Conclusion

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: July 2, 2013

s/  James S. Gwin
_____
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

-15-